UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

07 MAY 21  PM 4: 27

In re APPLICATION OF NOKIA
CORPORATION FOR AN ORDER OF
DISCOVERY PURSUANT TO 28 U.S.C. §
1782

Case No. 1:07-mc-47
Honorable Gordon J. Quist

/

## BRIEF IN SUPPORT OF NOKIA CORPORATION'S MOTION TO COMPEL ROBERT BOSCH GMBH TO COMPLY WITH COURT ORDER TO PRODUCE CERTAIN LICENSES

### INTRODUCTION

This Court should compel Robert Bosch GmbH to produce its licenses relating to Bosch's

mobile telephony patent portfolio. On April 23, 2007, this Court granted Nokia's 28 U.S.C. §

1782 Application requiring that Bosch produce its licenses in aid of a litigation between the

parties in Germany. Bosch wrongly refuses discovery, claiming that Nokia served Bosch entities

other than Robert Bosch GmbH. Bosch's position, however, has no grounding in fact and (1)

contradicts two orders in two different civil actions in this District, (2) contradicts Robert Bosch

GmbH's admissions in multiple pleadings aimed to secure jurisdiction and venue in this District,

and (3) contradicts Robert Bosch GmbH's admissions in multiple pleadings in another district

court, the Northern District of Ohio. Robert Bosch GmbH's judicial admissions are binding on

it, particularly where it makes those admissions for advantage (forum shopping for home-court)

in one litigation, and later attempts to contradict its admissions for advantage (avoiding service)

in a second proceeding.

### BACKGROUND

As detailed in Nokia's 28 U.S.C. § 1782 Application, Nokia and Bosch have an ongoing

dispute in the German Mannheim District Court regarding Nokia's pre-contractual right to a

license in a mobile telephony patent portfolio owned by Bosch. Central to this dispute is what is

a fair, reasonable, and non-discriminatory royalty rate to this portfolio.  Through its § 1782 Application, Nokia seeks all Bosch licenses relating to Bosch's mobile telephony patent portfolio, the portfolio at issue in the German proceeding.  These licenses may provide comparable licenses, from which the German Court could determine what is a fair, reasonable, and non-discriminatory royalty rate.  The German Mannheim District Court will hear the parties' dispute on July 3, 2007.  Nokia seeks the Bosch licenses for briefing that it will submit prior to July 3, 2007.

On April 23, this Court ordered Bosch to produce its licenses related to its mobile telephony patent portfolio.  Specifically, the Court held:

> **IT IS HEREBY ORDERED** that Nokia's application to seek discovery from Bosch of the licenses it has issued relating to its mobile telephony patent portfolio is **GRANTED**.
> **IT IS FURTHER ORDERED** that Bosch provide to Nokia copies of the licenses it has issued related to its mobile telephony [portfolio].[1]

*In re Application of Nokia Corp.*, C. No. 1:07-47, Order at 2 (Apr. 23, 2007)(hereinafter "April 23 Order"), **Ex. A**.

The April 23 Order also holds that Bosch resides in this District based on Bosch's express and very clear representation that it resides in Kentwood, Michigan.  As discussed in greater detail below, Bosch represented to this Court in a patent infringement complaint, filed in this District, that Bosch has a place of business in Kentwood, Michigan.  Bosch made this representation so that it could preclude transfer to another district and secure "hometown advantage."

---

[1] The April 23 Order refers to Bosch's "mobile telephony <u>directory</u>," not mobile telephony <u>portfolio</u>.  This appears to be an inadvertent error as Nokia's § 1782 Application did not refer to a "directory," but instead to a "portfolio."

In its § 1782 Application, Nokia submitted Bosch's complaint admitting its place of business in Kentwood.  As the Court's April 23 Order holds:

Specifically, the Court finds that (1) Bosch resides or is found in this District . . . .

*See* April 23 Order at 1, **Ex. A**.

In response to the April 23, 2007, Order, Nokia served Robert Bosch GmbH at its place of business in Kentwood, Michigan, as Robert Bosch GmbH does not maintain a registered agent or office with the Michigan Corporation and Securities Bureau.  Nokia first attempted to serve the subpoena at 4300 44th Street, Kentwood, Michigan, the address Bosch listed in its patent infringement complaint as one of its places of business.  *See* Nokia Subpoena, **Ex. B**.  No one was present at this address to accept service, as it appears that the 44th Street facility was consolidated with or moved to Bosch's facility at 4700 Broadmoor Avenue in Kentwood. Therefore, Nokia served the Robert Bosch GmbH facility at 4700 Broadmoor Avenue, Kentwood, Michigan.[2]  *See* Nokia Subpoena, **Ex. C**.  Nokia also served a copy of the Subpoena on the Michigan Corporation and Securities Bureau as required when serving a corporation with no registered agent.  *See* Letter to Michigan Corporation and Securities Bureau, **Ex. D**.[3]

---

[2] Both the 4300 44th Street and 4700 Broadmoor Avenue addresses are occupied by the same business that Robert Bosch GmbH admits is its own: Robert Bosch Fuel Systems LLC. Specifically, Robert Bosch GmbH admits to this Court:

[Robert Bosch GmbH's] Kentwood, Michigan facility (otherwise known as Robert Bosch Fuel Systems LLC) . . . .

*See* Bosch Opp'n Br. at 1, **Ex. F**.  Further, Robert Bosch GmbH stressed the importance of the Kentwood facility (*i.e.,* Robert Bosch Fuel Systems LLC) to Robert Bosch GmbH's business.  *Id.* at 2 (Robert Bosch GmbH representing that "[the defendant's] gratuitous allegation that [Robert Bosch GmbH's] place of business in the Western District of Michigan is 'unremarkable,' is simply untrue").

[3] Nokia also served a subpoena on Robert Bosch Corporation (n/k/a Robert Bosch LLC), one of Robert Bosch GmbH's subsidiaries.  Nokia is not moving to compel compliance with the subpoena served on Robert Bosch Corporation.

In response to the subpoenas, Bosch has not contested possession of the ordered discovery.  During a telephone call with Robert Bosch LLC's in-house counsel on May 14, 2007, Bosch confirmed that Robert Bosch GmbH plans to contest service of the subpoena served at the Kentwood facility because Nokia purportedly did not properly serve Robert Bosch GmbH.  *See* Bosch Letter, **Ex. E** (relating to subpoena served on Robert Bosch Corporation that is not at issue here).

As detailed below, Nokia has properly served Robert Bosch GmbH.  This Court should compel Bosch to comply with this Court's April 23 Order in an expedited manner.

<u>ARGUMENT</u>

Nokia properly served Robert Bosch GmbH, and Bosch's claim to the contrary contravenes fact, orders of this Court, and Bosch's binding judicial admissions.  Michigan Court Rule 2.105(D) governs service of process (including subpoenas) on domestic and foreign corporations.  Robert Bosch GmbH has not designated a resident agent in Michigan.  Michigan Court Rule 2.105(D)(4) governs service of process on corporations that have failed to maintain a resident agent.  Under M.C.R. 2.105(D)(4), Nokia may serve Robert Bosch GmbH by sending the subpoena "by registered mail to the corporation or an appropriate corporate officer and to the Michigan Corporation and Securities Bureau." *Id.*

Nokia complied with M.C.R. 2.105(D)(4).  First, Nokia served Robert Bosch GmbH by registered mail at its self-identified place of business in Kentwood, Michigan.  *See* **Exs. B-C**, Nokia Subpoenas.  Further, Nokia served the subpoena by registered mail to the Michigan Corporation and Securities Bureau.  *See* **Ex. D**.

Bosch has asserted that Robert Bosch GmbH has not been properly served, arguing that Robert Bosch GmbH has no place of business in the Western District of Michigan.  This Court,

and others, have held that Robert Bosch GmbH has a place of business in Kentwood, Michigan,

within the Western District of Michigan.  Moreover, to obtain its choice of forum, Robert Bosch

GmbH has repeatedly admitted, in this jurisdiction and others, it has a place of business in

Kentwood, Michigan, within the Western District of Michigan.

This Court held in its Order granting Nokia's § 1782 Application:

Specifically, the Court finds that (1) Bosch resides or is found in this District . . . .

*See* April 23 Order at 1, **Ex. A**.  In another action, *Robert Bosch GmbH v. Haynes Corp.*, this

Court also held that Robert Bosch GmbH has a place of business in Kentwood Michigan:

Plaintiff Robert Bosch GmbH (Plaintiff "Bosch") is a German Limited Liability Company with a place of business at 4300 44th St., Kentwood, Michigan.  This is far from Plaintiff's only place of business, though.

*Robert Bosch GmbH v. Haynes Corp.*, et al., C. No. 1:05-CV-418, Op. at 1, J. Enslen (W.D.

Mich. Sept. 22, 2005), **Ex. G**.

Before this District, Robert Bosch GmbH has also repeatedly admitted in its court filings

that it has a place of business in Kentwood, Michigan.  In a prior complaint filed in this District

less than two years ago, referenced in Nokia's § 1782 Application, Robert Bosch GmbH plead:

Bosch is a German Limited Liability Company having a place of business at 4300 44th Street, S.E., Kentwood, Michigan.

Robert Bosch GmbH Compl. ¶ 1, **Ex. H**.

Later in that litigation, Robert Bosch GmbH, to maintain its hometown forum and oppose

transfer to the Northern District of Ohio, admitted:

[Defendant's] gratuitous allegation that Bosch's place of business in the Western District of Michigan is "unremarkable," is simply untrue.

Robert Bosch GmbH's Opp'n Def. Mot. Dismiss for Lack of Personal Jurisdiction, Venue, or

Transfer at 2, **Ex. F**.

Robert Bosch GmbH also, to avoid transfer to the Northern District of Ohio, admitted

Robert Bosch Fuel Systems as one of its places of business:

> Bosch's Kentwood, Michigan, facility (otherwise known as Robert Bosch Fuel
> Systems LLC) . . . .

*Id.* at 1.

Before a second district, the Northern District of Ohio, Robert Bosch GmbH again made

clear that it resides and maintains a place of business in Kentwood, Michigan.  In its April 6,

2006, First Amended Complaint, Robert Bosch GmbH admitted that:

> Bosch is a German Limited Liability Company *having a place of business* at 4300
> 44th Street, S.E., Kentwood Michigan.

Bosch's 1st Am. Compl. ¶ 1 (Apr. 6, 2006)(emphasis added), **Ex. I**.

Robert Bosch GmbH also admitted in its complaint that:

> Bosch had decided to sell a portion of *its injector business*, including its Series 60
> manufacturing line *located in Kentwood, Michigan* in 2002.

*Id.* ¶ 42 (emphasis added).

In its Answers to counterclaims raised by Interstate, Robert Bosch GmbH also admitted:

> Admitted as to all allegations in this paragraph [including having a place of
> business at 4300 44th Street, Kentwood, Michigan] except to the allegation of the
> principal place of business being at the stated address.  *Bosch has a place of
> business there*, but is without knowledge or information sufficient to form a belief
> as to it being the principal place of business, and therefore denies the same.

Robert Bosch GmbH Answer to Counterclaims Raised by Interstate ¶ 2, **Ex. J**.

Robert Bosch GmbH purposely pled and argued on numerous occasions that it resides in

and conducts business in Kentwood, Michigan.  When it filed its complaint in this District,

Robert Bosch GmbH sought desperately to obtain venue in this District, Bosch's hometown.

Indeed, in opposing a motion to dismiss for improper venue and for transfer, Robert Bosch

GmbH relied on the fact that it resides and conducts business in this District, as did the Court in

ruling on the motion to transfer.  *See* Bosch Opp'n Br., **Ex. F**; *Robert Bosch GmbH v. Haynes Corp.*, C. No. 1:05-CV-418, Op. at 1, J. Enslen (W.D. Mich. Sept. 22, 2005), **Ex. G**.  Now that the issue of transfer has been resolved, Robert Bosch GmbH cannot directly contradict its representations and the holdings of this Court.

Further, Robert Bosch GmbH understands that its admissions make it subject to subpoena here.  Just last Monday, May 14, 2007, **after** receiving Nokia's subpoenas and discussing those subpoenas with Nokia's counsel, Robert Bosch GmbH moved to amend both its complaint and answer in the Northern District of Ohio to withdraw its representation that it is located in Kentwood, Michigan.  *See* Bosch Mot., **Ex. K**.

Bosch cannot make a representation to avoid transfer in order to secure its hometown forum and later contradict its representations to this Court simply to avoid service.  Bosch understands its repeated admissions subject it to service in this District, and the Court should compel compliance with its April 23 Order.  Robert Bosch GmbH is bound by its judicial representations to this Court and the Northern District of Ohio. *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir 2001).

As this Court properly found, and as Robert Bosch GmbH has admitted, Robert Bosch GmbH resides or can be found in this District.

<h3 align="center">CONCLUSION</h3>

For all of the aforementioned reasons, Nokia respectfully requests that this Court order Robert Bosch GmbH to produce the documents requested in Nokia's subpoena.

Respectfully submitted,

VARNUM, RIDDERING, SCHMIDT & HOWLETT LLP
Attorneys for Applicant

Date: May 21, 2007                    By: _____
                                          Bryan R. Walters (P58050)
                                          brwalters@varnumlaw.com

7