UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

In re APPLICATION OF NOKIA
CORPORATION FOR AN ORDER OF                    Case No. 1:07-MC-47
DISCOVERY PURSUANT TO
28 U.S.C. § 1782                               HON. GORDON J. QUIST

_____/

## OPINION

### I. Background

On April 18, 2007, Nokia Corporation ("Nokia") filed in this Court an *ex parte* application

pursuant to 28 U.S.C. § 1782 seeking discovery from Robert Bosch GmbH ("Bosch") of certain

licenses that Bosch has granted to third parties, including Samsung.  Bosch sought the license

agreements in connection  with litigation pending in a district court in Mannheim, Germany.  Nokia

filed the German suit against Bosch seeking a license in Bosch's mobile telephony patent portfolio

under "fair reasonable and non-discriminating" ("FRAND") terms.  The current status of the German

litigation is that Bosch has granted a license to Nokia, and the issue before the German court is the

determination of FRAND terms for the license.  Pursuant to German procedure, Nokia has requested

that the German court order Bosch to produce to Nokia the Samsung-Bosch license agreement for

the Bosch patent portfolio.  Nokia asserts that the license agreement may provide some evidence of

proper FRAND terms for its license of the Bosch patent portfolio.  A hearing is set for July 3, 2007,

at which the German court is expected to rule on, among other things, Nokia's request for the

Samsung-Bosch license.  Whether the German court will hold additional hearings is open to debate.[1]

_____

[1] The parties have filed declarations from their counsel in the German litigation, each of which has a different
view on the issue.

On April 23, 2007, this Court, after reviewing Nokia's application, issued an Order granting Nokia's application for discovery. The Order found, based upon Nokia's application, that Bosch resides in this District, that Nokia is an interested party in the German litigation, and that the discovery sought is for use in the German litigation. As proof that Bosch is present in this District, Nokia submitted a complaint that Bosch filed in a patent infringement suit filed in this District, captioned *Robert Bosch GmbH v. Haynes Corp., et al.*, No. 1:05-CV-418, in which Bosch alleged that it has a place of business in Kentwood, Michigan (the "patent action"). Pursuant to the April 23, 2007, Order, Nokia attempted to serve a subpoena upon Bosch at 4300 44th Street, Kentwood, Michigan (an address that Bosch listed in its complaint in the patent action) on or about May 3, 2007, but no one was present at the address to accept service. Nokia served a second subpoena directed to Bosch on or about May 8, 2007, at 4700 Broadmoor Avenue, Kentwood, Michigan. It is undisputed that Robert Bosch Fuel Systems LLC (" Bosch Fuel Systems"), formerly known as Robert Bosch Fuel Systems Corporation, is located at the 4700 Broadmoor address. Whether Bosch is also present at that address is an issue in dispute. Finally, Nokia served a copy of the subpoena on the Michigan Corporation and Securities Bureau. Bosch or Bosch Fuel Systems subsequently informed Nokia that Bosch refused to comply with the subpoena and would contest it based upon improper service.

On May 21, 2007, Nokia filed a motion to compel Bosch to produce its licenses to the Bosch patent portfolio pursuant to the Court's April 23, 2007, Order and the subpoena. That same day, Bosch filed a motion to quash the subpoena, arguing that Nokia is not entitled to the documents that it seeks for a number of reasons. Both motions are currently before the Court and fully set forth the issues in contention. For the reasons set forth below, the Court will deny Nokia's motion to compel and will grant Bosch's motion to quash.

2

## II.  <u>Discussion</u>

**A.  Overview of 28 U.S.C. § 1782**

Nokia seeks to obtain copies of Bosch's licenses pursuant to 28 U.S.C. § 1782, which provides in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . .  The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person . . . .  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a).  The statute's purposes are to "'provid[e] efficient means of assistance to participants in international litigation in our federal courts and encourag[e] foreign countries by example to provide similar means of assistance to our courts.'" *Schmitz v. Bernstein, Liebhard & Lifshitz*, 376 F.3d 79, 84 (2d Cir. 2004) (quoting *In re Application of Metallgesellschaft AG*, 121 F.3d 77, 79 (2d Cir. 1997)).

"A request for discovery under § 1782 presents two inquiries: first, whether the district court is authorized to grant the request; and second, if so, whether the district court should exercise its discretion to do so." *In re Application of Grupo Qumma, S.A.*, No. M 8-85, 2005 WL 937486, at *1 (S.D.N.Y. Apr. 22, 2005).  In order to obtain discovery under the statute, an applicant must show that:  (1) the party from whom discovery is sought resides or is found in the district; (2) the discovery is for use in a foreign or international tribunal; and (3) the party seeking discovery is an interested person.  28 U.S.C. § 1782(a).  *See also In re Matter of Application of Oxus Gold PLC*, No. MISC. 06-82, 2006 WL 2927615, at *4 (D.N.J. Oct. 11, 2006).  In determining whether to exercise its

3

discretion, some of the considerations relevant to district court's analysis are: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad"; (2) "the nature of the foreign tribunal, the character of the proceeding underway abroad, and the receptivity of the foreign government, court, or agency to federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States"; and (4) whether the discovery requests are "unduly intrusive or burdensome." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65, 124 S. Ct. 2466, 2483 (2004).

The instant motions raise several issues, both with regard to the initial inquiry that the Court must make as to whether it is authorized to grant the request and with regard to whether it should exercise its discretion to grant the request. Regarding the first inquiry, the primary issue is whether Bosch resides in or is found in this district. Regarding the second inquiry, the issue is simply whether the Court should exercise its discretion under the statute. The Court concludes "no" with regard to both issues.[2]

## B.    Bosch Neither Resides in Nor is Found in This District

The parties do not dispute that the second and third factors or elements of the first inquiry are met in this case. That is, Nokia has requested discovery for use before the German court and it is an interested party in that proceeding. Regarding the third factor, however, Bosch has presented evidence establishing the relationship of Bosch and its subsidiaries. According to Heiko Carrie,

---

[2]Bosch raises other issues, including whether Nokia properly served Bosch and whether the German court has exclusive jurisdiction over all aspects of the dispute. The Court views the issue of proper service as subsumed within the issue of whether Bosch resides in or is present in this district. Regarding the exclusive jurisdiction argument, the Court fails to see how an arbitration clause in the "pre-agreement" affects this Court's jurisdiction to act under § 1782(a).

Bosch's General Counsel, Bosch is a German corporation headquartered in Stuttgart, Germany. (Carrie Decl. ¶ 4.)  Carrie further states that Bosch is not registered to do business in Michigan, does not have an agent for service of process in Michigan, does not maintain offices or manufacturing or production facilities in Michigan, neither owns nor leases real property in Michigan, and essentially has no other connection with Michigan.  (*Id.* ¶¶ 5-14.)  Carrie also states that Bosch does not maintain any license agreement pertaining to its telephony patent portfolio in Michigan or anywhere else in the United States.  (*Id.* ¶ 15.)  Finally, Carrie states that while Bosch does own a controlling interest in a number of subsidiaries in the United States, Bosch and its subsidiaries observe all corporate formalities and are legally distinct entities.  (*Id.* ¶ 15.)  James Hagne, the Plant Manager of Bosch Fuel Systems, states that Bosch Fuel Systems is a Delaware limited liability company with its principal offices at 4700 Broadmoor, S.E., Kentwood, Michigan.  (Hagne Aff. ¶ 4.)  Hagne states that Robert Bosch LLC ("RBL") is the sole member of Bosch Fuel Systems.  (*Id.*)  Judith Adler, Assistant General Counsel – Automotive Group at RBL, states that the sole member of RBL is Robert Bosh North America Corporation, a Delaware corporation.  (Adler Aff. ¶ 5.)  She also states that Bosch is not a member of and owns no interest in Bosch Fuel Systems or RBL.  (*Id.* ¶¶ 5-6.)

Nokia contends that Bosch is present in this district based upon its representations and admissions in the patent action that it has a place of business in Kentwood, Michigan.  It points out that Bosch made this admission in its complaint, in its various filings contesting the defendants' motion to transfer venue to the Northern District of Ohio, and in its first amended complaint that it filed in the Northern District of Ohio after Judge Enslen granted the defendants' motion to transfer venue to that court.  Nokia also points out that in his opinion granting the motion to transfer venue, Judge Enslen held that Bosch has a place of business in Kentwood.  Although Bosch has recently amended its complaint in the patent action in the Northern District of Ohio to reflect that its principal

place of business is in Stuttgart, Germany and that Bosch Fuel Systems has its principal place of business in Kentwood, Michigan, Nokia contends that Bosch remains bound by its admissions in its prior pleadings in the patent action. It further contends that Bosch made its prior allegations solely for the purpose of obtaining a favorable venue and should not now be permitted to reverse course and deny its presence in this district solely to suit its purposes in this matter.

The Court disagrees with Nokia that Bosch's allegations in the patent action are binding upon Bosch in this matter. While a party's own allegation in a pleading may serve to bind it as a judicial admission in a particular case, whether the allegation will be treated as a judicial admission is left to the court's discretion. *See United States v. Burns*, 109 F. App'x 52, 58 (6th Cir. 2004) ("We have discretion to consider a statement made in a brief to be a judicial admission, binding on both this court and the trial court."); *Cooper v. Carl A. Nelson & Co.*, 211 F.3d 1008, 1014 (7th Cir. 2000) ("As a general proposition, a district court has the discretion to treat an allegation in a party's pleading as a judicial admission."); *Rentokil, Inc.-Tropical Plant Servs. v. Creative Plantscapes, Inc.*, No. 98-2524, 1999 WL 1092641, at *4 (4th Cir. Dec. 3, 1999) (per curiam) (stating that "even if Rentokil had advanced a judicial admission theory in district court, that court would have had the discretion to reject it"). Nothing before the Court suggests that the Ohio court in the patent action has indicated that it intends to treat Bosch's allegations regarding its place of business in Kentwood, Michigan, as judicial admissions. In fact, the defendants in the patent action have stipulated to the amendment to reflect that Bosch Fuel Systems, rather than Bosch, is the entity with a place of business in Michigan, and, therefore, it appears that neither the parties nor the Ohio court intend to treat Bosch's prior allegations as judicial admissions. The Court finds no reason why it should do so in this unrelated matter. To the extent that Nokia asserts that Bosch is judicially estopped from

arguing that it is not present in this district, the argument must be rejected.  "Judicial estoppel forbids a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding."  *United States v. Owens*, 54 F.3d 271, 275 (6th Cir. 1995) (quotation omitted).  In the prior proceeding, Bosch asserted that it had a facility in this district in connection with its effort to defeat the defendants' motion to transfer venue.  While Judge Enslen certainly took Bosch's representations into account in considering the § 1404(a) factors, Bosch's presence in this district was not the ultimate issue and, in any event, Bosch was not successful in defending the motion to transfer.  Thus, Bosch's statements in the patent action provide no basis to reject Bosch's evidence showing that it does not reside in and is not present in this district.

Nokia also points to the Court's finding in its April 23, 2007, Order that Bosch resides in or is found in this district.  The Court issued that Order based solely upon its review of Nokia's application, which provided some basis for the conclusion that Bosch resides in this district. However, the Court has now considered Bosch's evidence showing that it has no connection with this district and that Bosch Fuel Systems is the entity with a place of business in Kentwood.  Nothing in the April 23, 2007, Order prohibits the Court from reexamining the findings in that Order.[3]  *See Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.").  Thus, the Court concludes that it is not authorized to grant Nokia's request for discovery under § 1782.

---

[3]Nokia does not suggest that the Court may conclude that Bosch resides in or is present in this district merely because a Bosch subsidiary is present here.

**C.      The Court Declines to Exercise its Discretion**

Even if the Court were to conclude that Bosch resides in or is present in this district, it would decline to exercise its discretion on the facts before it.  As set forth above, in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 124 S. Ct. 2466 (2004), the Supreme Court set forth a non-exhaustive list of considerations that may inform a court's decision whether to exercise its discretion under § 1782.  The Court concludes that the balance of these factors, including the facts that the requested documents are located outside of the United States and that Nokia has requested the German court to compel production of the Samsung license, weighs against granting the requested relief.  Regarding the first factor, Bosch is a party to the German proceeding, thus, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Intel Corp.*, 542 U.S. at 264, 124 S. Ct. at 2483.  This factor weighs against the requested relief.  The second factor or set of considerations, "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, court or agency to federal-court judicial assistance," *see id.*, weighs against the requested relief.  The matter in the German court concerns a highly technical issue involving the license terms between Bosch and Nokia.  Neither party contends that the licenses are irrelevant or inadmissible in the proceeding under German law, and given the nature of the matter, the Court has no reason to believe that the German court would not also find other Bosch license agreements concerning the same patent portfolio as evidence of FRAND terms, although the German court may be of a different view.  Moreover, Nokia does not argue that the German court is precluded from considering the Samsung agreement or that there is no procedure for it to compel Bosch to produce it for use in that proceeding.  Rather, Nokia argues only that there is no procedure for it to obtain the

8

Samsung license prior to the July 3, 2007, hearing.  The parties have presented the Court with conflicting views of their respective German counsel regarding the likelihood of the German court scheduling further proceedings, although Nokia's counsel concedes that additional hearings are possible.  In short, there is no reason to believe that the German court will not allow the parties to present arguments regarding the Samsung license if it orders Bosch to produce it.  Regarding the third and fourth considerations set forth in *Intel Corp.*, nothing suggests that Nokia is seeking to circumvent German proof-gathering limitations or policies through its request, nor does it appear that the request is "unduly intrusive or burdensome."  *Id.*  While these last two considerations weigh in favor of granting Nokia's request, the Court assigns some weight to the fact that the documents are apparently located in Germany, which obviates the need for this Court's assistance in compelling production of documents.[4]  This fact tips the scales against granting Nokia the requested relief.

---

[4]Although this Court need not decide the issue, it notes that there is some question regarding whether a court may order production of documents maintained outside of the United States.  Prior to the Supreme Court's decision in *Intel Corp.*, several courts had indicated, at least in *dicta*, that § 1782 did not extend to documents located outside of the United States.  For example, in *In re Application of Sarrio S.A.*, No. 9-372, 1995 WL 598988 (S.D.N.Y. Oct. 11, 1995), the court considered the legislative history of the 1964 amendments to § 1782 as well as a declaration from Professor Hans Smit, the reporter of the International Rules of Judicial Procedure and the preparer of the final version of § 1782, and stated that "it seems clear that, despite its unrestrictive language, Section 1782 was not intended to provide discovery of evidence maintained within a foreign jurisdiction." *Id.* at *2.  However, the issue was not squarely before the court because at the time, Chase Manhattan Bank, N.A., the party from whom the documents were sought, had sent the documents to its counsel in New York, and the issue was whether the documents were protected by the attorney-client privilege. The court held that the privilege applied.  *See id.* at *3.  The ruling was appealed to the Second Circuit, which reversed and remanded the case upon the ground of Chase's subsequent waiver of the privilege.  *See Chase Manhattan Corp. v. Sarrio S.A.* (*In re Sarrio S.A.*), 119 F.3d 143, 148 (2d Cir. 1997).  In discussing the statute, the court observed that "[o]n its face, § 1782 does not limit its discovery power to documents located in the United States," but, citing the authority referenced by the district court, it stated that "there is reason to think that Congress intended to reach only evidence located within the United States." *Id.* at 147.  The Seventh and Ninth Circuits have also noted that authority exists for the view that § 1782(a) does not permit a court to require production of documents located outside of the United States, but they decided the issues before them on other grounds.  *See Kestral Coal Pty. Ltd. v. Joy Global, Inc.*, 362 F.3d 401, 404 (7th Cir. 2004) ("Nor need we determine whether § 1782 ever permits a district judge to require evidence to be imported from a foreign nation so that it may be handed over here and then exported."); *Four Pillars Enters. Co. v. Avery Dennison Corp.*, 308 F.3d 1075 (9th Cir. 2002) (citing *Chase Manhattan Corp. v. Sarrio S.A.*, 119 F.3d 143 (2d Cir. 1997), for the proposition that "[t]here is some support" for the view that § 1782 does not encompass discovery of material located in foreign countries but stating that "[w]e need not rule . . . on the question whether § 1782 can ever support discovery of materials outside of the United States").  Following the decision in *Intel Corp.*, one district court has concluded that § 1782 does not permit discovery of documents located outside of the United States and that

### III.  Conclusion

For the foregoing reasons, the Court will deny Nokia's motion to compel and grant Bosch's

motion to quash.

An Order consistent with this Opinion will be entered.


Dated:  June 13, 2007                                   _____/s/ Gordon J. Quist_____
                                                                              GORDON J. QUIST
                                                                      UNITED STATES DISTRICT JUDGE

---

*Intel Corp.* did not require the opposite conclusion.  *See Norex Petroleum Ltd. v. Chubb Ins. Co. of Canada*, 384 F. Supp. 2d 45, 50-55 (D.D.C. 2005).  Another district court, noting the absence of an express restriction in the statute and citing *Intel Corp.*, noted that the Court's ruling in *Intel Corp.* that the document need not be discoverable in the foreign jurisdiction in order to be discoverable under § 1782 suggested that the Court would similarly reject any implied restriction on the discoverability of documents located abroad, since there is no such express limitation in the statute. *See In re Application of Gemeinshcaftspraxis Dr. Med. Schottdorf*, No. Civ. M19-88 (BSJ), 2006 WL 3844464, at *5 & *5 n.13 (S.D.N.Y. Dec. 29, 2006).  Because the Court considers the location of the documents as a factor in its decision whether to exercise its discretion, it need not determine whether § 1782 authorizes discovery of documents located outside of the United States.